NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0438n.06

No. 09-3475

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jul 20, 2010**
LEONARD GREEN, Clerk

AHAMADOU CHEBOUN,                    )
                                      )
    Petitioner,                       )       ON PETITION FOR REVIEW
                                      )       OF AN ORDER OF THE
v.                                    )       BOARD OF IMMIGRATION
                                      )       APPEALS
ERIC H. HOLDER, JR., Attorney General, )
                                      )
    Respondent.                       )
                                      )

BEFORE:    SUTTON and McKEAGUE, Circuit Judges; JONKER, District Judge.[*]

    **McKeague, Circuit Judge.**  Ahamadou Cheboun petitions this court to review the denial

of his application for asylum and withholding of removal by the Immigration Judge ("IJ") and the

Board of Immigration Appeals ("BIA"). For the following reasons, we DISMISS the petition insofar

as it seeks review of the determination that Cheboun's application for asylum was untimely. We

DENY the remainder of the petition.

**I.**

    Ahamadou Cheboun, a male native of Mauritania, filed an application for asylum and

withholding of removal in April of 2002, having entered this country without valid documentation.

The application claimed that Cheboun entered the United States via New York JFK airport on

_____

    [*] The Honorable Robert J. Jonker, United States District Judge for the Western District of
Michigan, sitting by designation.

August 7, 2001, after experiencing torture and persecution at the hands of the Mauritanian government for his involvement in the Union Democratic Forces political movement. The application stated that Cheboun feared torture and death if he were to return to Mauritania. An asylum officer referred Cheboun's application to an IJ after determining that Cheboun failed to demonstrate by clear and convincing evidence that he had filed the application within one year of entry into this country.

A removal proceeding hearing was held before an IJ on August 28, 2006. At the proceeding, Cheboun sought asylum, withholding of removal, and protection under the Convention Against Torture. As part of the hearing, Cheboun filed an updated application for asylum and included supporting articles and reports outlining the poor human rights record in Mauritania. Cheboun testified at the hearing that he left Mauritania on June 20, 2001, after participating in an illegal political demonstration a few days earlier. Cheboun stated that as a result of his participation in the demonstration, he was imprisoned for three days. He also recounted a period of imprisonment in 1996 as a result of his participation in a political opposition movement. During this imprisonment, Cheboun claimed that he was beaten. In addition, Cheboun stated that he was arrested and imprisoned in 1998 and was beaten and forced to drink salt water. Cheboun testified that he entered this country on July 7 or 8, 2001, with the aid of a smuggler who supplied a passport to him in exchange for $1,500. The smuggler seized the passport from Cheboun after he passed through customs, and then took Cheboun to a mosque in Brooklyn. Cheboun eventually made his way to Ohio and was residing there at the time of the hearing.

After hearing testimony, the IJ issued a written decision denying Cheboun's request for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Cheboun removed to Mauritania. The IJ first determined that Cheboun failed to meet his burden of demonstrating by clear and convincing evidence that he entered the United States on August 7, 2001, as was required to meet the one year filing deadline for his application for asylum. Specifically, the IJ noted that Cheboun failed to produce any travel documents establishing his date of entry, provided vague answers about the trip, and was unable to recall the airline on which he flew. In addition, the IJ pointed out that Cheboun testified that he entered the country in either July or August, 2001, but his asylum application reported the date of entry as August 7, 2001. Thus, the IJ denied Cheboun's application for asylum as untimely.

As to his application for withholding of removal, the IJ found that Cheboun was not credible. The IJ noted material inconsistencies between Cheboun's testimony and application for withholding of removal related to his explanation of his imprisonments, entry into the United States, and biographical information about his spouse and children. In addition, the IJ found that Cheboun's demeanor during testimony undermined his credibility because Cheboun laughed at inappropriate times and spoke rapidly when confronted with inconsistencies. According to the IJ, these inconsistencies went to the heart of Cheboun's persecution claim. Further, Cheboun failed to provide additional corroborating documents to support his persecution claim, which prompted the IJ to deny his application for withholding of removal. The IJ also denied protection under the Convention Against Torture for the same reasons stated in the denial of withholding of removal.

Cheboun appealed the IJ's decision to the BIA. The BIA dismissed the appeal for the same reasons stated in the IJ's decision. Specifically, the BIA found that Cheboun failed to establish that he filed his application for asylum within one year of entering this country. In addition, the BIA upheld the IJ's adverse credibility determination due to material inconsistencies between Cheboun's testimony and application for withholding of removal.

Cheboun now petitions this court to review the BIA's final order. He alleges error in the adverse credibility determination and seeks a reversal of the BIA's order denying his application for asylum and withholding of removal. Cheboun does not challenge the BIA's decision as it relates to his claim for protection under the Convention Against Torture. Our analysis is therefore confined to the denial of his application for asylum and withholding of removal.

## II.

We begin by addressing the determination of both the BIA and the IJ that Cheboun failed to establish timely filing of his application for asylum. An applicant bears the burden of establishing by clear and convincing evidence that he filed his application for asylum within one year of entering this country. 8 U.S.C. § 1158(a)(2)(B). The application may still be considered, notwithstanding the applicant's failure to satisfy the one year filing requirement, if the applicant demonstrates changed circumstances which materially affect his eligibility for asylum. *Id.* at § 1158(a)(2)(D). When the IJ determines that the applicant failed to demonstrate that he filed the application within the one year filing period, this court lacks jurisdiction to review the decision, unless the petitioner raises a constitutional claim or an issue of statutory construction. *El-Moussa v. Holder*, 569 F.3d 250, 254 (6th Cir. 2009); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). This court

lacks jurisdiction to review claims that raise discretionary or factual questions regarding the timeliness of a filing. *El-Moussa*, 569 F.3d at 255.

The IJ in the present case found that Cheboun failed to demonstrate that he filed his application within one year of entry because Cheboun failed to produce travel documents establishing when he entered the country and he provided different dates of entry. This finding was reinforced by the BIA when it dismissed Cheboun's appeal. In this court, Cheboun has not alleged constitutional error or error in statutory construction. Instead, he challenges the untimeliness finding as it relates to the IJ's adverse credibility determination. Because Cheboun seeks review of factual determinations only, we lack jurisdiction to consider this portion of the petition. *El-Moussa*, 569 F.3d at 255. Accordingly, we dismiss Cheboun's petition insofar as it seeks review of the denial of his application for asylum as untimely.

## III.

Cheboun also seeks review of the IJ's adverse credibility determination as it relates to his request for withholding of removal. When the BIA adopts the reasoning of the IJ and adds additional comments, "we review the IJ's decision directly while also considering the Board's additional analysis." *El-Moussa*, 569 F3d. at 255. In reviewing credibility determinations, we apply the substantial evidence standard, and we will overturn a factual credibility determination only if the evidence to the contrary compels a different conclusion. *Kaba v. Mukasey*, 546 F.3d 741, 747 (6th Cir. 2008).

The REAL ID Act permits immigration judges to base adverse credibility determinations on any inconsistency or inaccuracy, regardless of whether the inconsistency goes to the heart of the

applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *Id.* at 749 n.1. However, this new standard applies only to applications for asylum filed after May 11, 2005. *Id.* Because Cheboun's initial application was filed in 2002, the standard in place prior to the passage of the REAL ID Act applies to his case. *Id.* Under this standard, an adverse credibility determination must be founded on inconsistencies that go to the heart of the applicant's claim, rather than irrelevant inconsistencies. *Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). An inconsistency goes to the heart of the applicant's claim if it can be viewed as an attempt to enhance the persecution claims. *Id.* at 674–75. In making an adverse credibility determination, the IJ may consider all relevant factors, including an applicant's demeanor and the plausibility of his statements. *Id.* at 674. An adverse credibility determination must be supported by specific reasons. *Kaba*, 546 F.3d at 749.

The IJ in this case listed five specific inconsistencies between Cheboun's testimony and his application for withholding of removal. The BIA recounted these inconsistencies in its dismissal of Cheboun's appeal. Cheboun argues that the variances between his testimony and application are not inconsistencies and that they do not go to the heart of his persecution claim. We first note that some of the inconsistencies listed by the IJ involve Cheboun's failure to provide sufficient detail in his application for withholding of removal. This court has specifically stated that "the mere failure of a petitioner to include every detail . . . in the application [] should not be considered fatal to a petitioner's request for relief." *Kaba*, 546 F.3d at 749. However, the IJ also noted that Cheboun gave varying accounts of the duration of his imprisonments. In addition, the IJ found that Cheboun's testimony about his arrival to the United States was inconsistent with the explanation that he provided to the Asylum Office. These inconsistencies go to the heart of Cheboun's persecution

claim and are supported by substantial evidence. *See Ndrecaj*, 522 F.3d at 674–75 (stating that an inconsistency goes to the heart of an applicant's claim if it can be viewed as enhancing the claim).

The IJ also found Cheboun incredible based on his demeanor while testifying. Cheboun argues that the IJ improperly relied on speculation and personal beliefs in basing the adverse credibility determination on his demeanor. He cites our decision in *Alexandrov v. Gonzales*, 442 F.3d 395 (6th Cir. 2006), to support his argument. In *Alexandrov*, this court determined that an adverse credibility determination was not supported by substantial evidence because the determination was based on the immigration court's personal belief about how long beatings and detentions should last. *Id.* at 408–09. The IJ's demeanor determination in this case was not based on personal belief as was the case in *Alexandrov*. Instead, the IJ in this case noted that Cheboun appeared "nervous" and "used faster speech patterns when confronted with inconsistencies." An adverse credibility determination can be premised on the applicant's demeanor, and we will not lightly discard this determination given the IJ's unique opportunity to observe the applicant. *Abdulahad v. Holder*, 581 F.3d 290, 294–95 (6th Cir. 2009). Accordingly, we find no reason to disturb the IJ's determination on Cheboun's demeanor, and we therefore deny Cheboun's petition insofar as it seeks review of the adverse credibility determination.

**IV.**

For the foregoing reasons, we DISMISS Cheboun's petition to the extent that it seeks review of the IJ's determination on the timeliness of his application for asylum. We DENY the remainder of the petition.