NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0318n.06

No. 13-3361

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 24, 2014
DEBORAH S. HUNT, Clerk

MOUSTAPHA LAYE MBENGUE,                   )
                                          )
        Petitioner,                       )
                                          )    ON PETITION FOR REVIEW
v.                                        )    FROM THE UNITED STATES
                                          )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,    )    APPEALS
                                          )
        Respondent.                       )
                                          )
                                          )

        BEFORE:  GILMAN, GIBBONS, and STRANCH, Circuit Judges.

        PER CURIAM.  Moustapha Laye Mbengue, a native and citizen of Mauritania, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  For the reasons set forth below, we deny the petition for review.

        Mbengue purportedly entered the United States in 2001.  In 2002, Mbengue, a black Wolof, affirmatively applied for asylum, withholding of removal, and CAT protection, asserting that authorities in Mauritania arrested, jailed, and mistreated him and his family and then deported them to Senegal.  He fears being jailed, subjected to torture, or killed if he returns to Mauritania.  The Department of Homeland Security subsequently served Mbengue with a notice to appear, charging him with removability as an immigrant who, at the time of entry, was not in possession of a valid entry or travel document.  *See* 8 U.S.C. §§ 1182(a)(7)(A)(i)(I),

1227(a)(1)(A). Mbengue admitted the factual allegations set forth in the notice to appear, conceded removability, and again requested asylum, withholding of removal, and CAT protection.

After a hearing, an immigration judge (IJ) denied Mbengue's applications for relief and ordered his removal to Mauritania. The IJ found that Mbengue was not a credible witness based on material and significant inconsistencies going to the heart of his claims and that he failed to provide any credible or trustworthy corroboration in support of his claims. The IJ further found that Mbengue failed to provide clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States, given that he filed his initial application on March 12, 2002, and testified that he entered the United States sometime in March 2001. If Mbengue had timely filed his application, testified credibly, and provided corroboration, according to the IJ, he would have established past persecution. The IJ went on to find that, even if Mbengue established past persecution, his application would be denied for two reasons: (1) there has been a fundamental change in circumstances, including the successful repatriation of Afro-Mauritanian refugees, such that he no longer has a well-founded fear of persecution in Mauritania, and (2) he does not merit a favorable exercise of discretion, considering his ten years of safe residency in Senegal, his entry using a false passport, and his lack of family ties in the United States at the time of his entry. The IJ concluded that Mbengue, having failed to satisfy his burden of proof for asylum, necessarily failed to meet the higher standard for withholding of removal and that he also failed to establish that it is more likely than not that he would be subjected to torture in Mauritania to satisfy his burden of proof for CAT protection.

Mbengue appealed the IJ's decision to the BIA. Dismissing the appeal, the BIA concluded that the IJ's adverse-credibility determination was not clearly erroneous and that

Mbengue could not establish eligibility for asylum, withholding of removal, or CAT protection given the absence of credible evidence.

This timely petition for review followed. "Where, as here, the BIA expressly adopts and affirms the IJ's decision but adds comments of its own, we directly review the decision of the IJ while also considering the additional comments made by the Board." *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007). We review factual findings, including credibility determinations, for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). Because Mbengue filed his initial application prior to the effective date of the REAL ID Act of 2005, the adverse-credibility determination "must be based on issues that go to the heart of the applicant's claim" and "'cannot be based on an irrelevant inconsistency.'" *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004) (quoting *Daneshvar v. Ashcroft*, 355 F.3d 615, 619 n.2 (6th Cir. 2004)).

Mbengue contends that he was credible in all aspects of his testimony. Mbengue first asserts that providing testimony more detailed than his application does not support an adverse-credibility finding. In his initial application and again in his updated application, Mbengue stated that he was detained "several days" by Mauritanian authorities. Mbengue testified at the hearing that he was detained for two or three months. As the BIA stated, "[t]his is not more detail, but, rather, a significant inconsistency" regarding the length of Mbengue's detention. *See Cheboun v. Holder*, 385 F. App'x 560, 564 (6th Cir. 2010) (stating that varying accounts of the duration of imprisonments go to the heart of the persecution claim); *Kostic v. Holder*, 340 F. App'x 249, 253 (6th Cir. 2009) (stating that discrepancies regarding the length of detention go to the heart of the claim). Mbengue next argues that the IJ made speculative inferences about a letter from his former neighbor, Moussa Fall. When questioned why Fall, a white Moor, would

refer to "the white Arab chas[ing] us" and "our brothers and sisters" still in prison, Mbengue asserted that his brother, who cannot write in French, dictated the letter to Fall. Given that the letter was signed by Fall and that Mbengue did not reveal the true author until confronted on cross-examination, the IJ's finding that "this letter is either fraudulent or, at best, facially flawed, and seriously misleading" is supported by substantial evidence. As to a second letter written by his brother, Mbengue asserts that he provided an explanation for the discrepancy between the date on the letter and the postmark on the envelope and that this discrepancy does not go to the heart of his claim. Mbengue does not address the "more significant problem" identified by the IJ: the letter, dated January 12, 2005, refers to the deaths of Mbengue's parents, but Mbengue testified that his mother died at the end of 2005 and that his father died in September 2006.

The record does not compel a contrary conclusion regarding Mbengue's lack of credibility. The adverse-credibility determination precludes Mbengue from satisfying his burdens of proof for asylum, withholding of removal, and CAT protection. *See El-Moussa v. Holder*, 569 F.3d 250, 256-57 (6th Cir. 2009). Accordingly, we deny the petition for review.